**UNITED STATES of America,**
**Appellee,**

v.

**Frank WATERS, Jr., Appellant.**

No. 08–1447.

United States Court of Appeals,
Eighth Circuit.

Submitted: Dec. 8, 2008.

Filed: Jan. 13, 2009.

Before MELLOY and BENTON, Circuit Judges, and DOTY,[1] District Judge.

PER CURIAM.

Frank Waters, Jr., pled guilty to one count of Possession of a Stolen Firearm, 18 U.S.C. § 922(j). The district court[2] sentenced him to 112 months and eight days imprisonment. Waters appeals, claiming sentencing error. Jurisdiction being proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

Waters burglarized a home, stealing numerous firearms. The presentence investigation report determined that his total offense level was 29 based upon: 1) a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2); 2) a two-level increase for the number of firearms; 3) a two-level increase for possessing stolen firearms; 4) a four-level increase for firearm possession in connection with another felony—burglary; and 5) a three-level deduction for acceptance of responsibility. Waters's guideline range was 140 to 175 months, but under U.S.S.G. § 5G1.1(c)(1), his range became 120 months due to the statutory maximum. *See* 18 U.S.C. § 924(a)(2) (maximum sentence under 18 U.S.C. § 922(j) is 10 years). Waters was sentenced to 112 months and eight days imprisonment, after credit for nearly eight months of time served on a state conviction for the same conduct.

Waters argues that his sentence was unreasonable because the court's two-level increase under U.S.S.G. § 2K2.1(b)(4) for possessing stolen firearms is already incorporated in the base offense level for violating § 922(j). This court reviews de novo the district court's construction and application of the Sentencing Guidelines, and reviews for clear error any factual findings regarding enhancements. *United States v. Wintermute*, 443 F.3d 993, 1004 (8th Cir. 2006). This court reviews sentencing decisions for an abuse of discretion. *See United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir.2008), *citing Gall v. United States*, — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A sentence within the guidelines range is presumptively reasonable on appeal. *Id.*, *citing Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007).

Waters does not dispute that U.S.S.G. § 2K2.1(b)(4) was properly applied. An enhancement under § 2K2.1(b)(4) does not impermissibly "double count" by applying a two-level increase to a defendant's sentence because the firearms were stolen. *See United States v. Hawkins*, 181 F.3d 911, 912 (8th Cir.1999) ("By necessary implication ... two levels must be added if any firearm was stolen or had an altered serial number, unless the base level is determined under subsection (a)(7).") (internal quotation omitted); *see also United States v. Kenney*, 283 F.3d 934, 938 (8th Cir.2002) (holding that the district court "did not impermissibly double count" in applying a two-level enhance-

---

1. The Honorable David S. Doty, United States Senior District Judge for the District of Minnesota.

2. The Honorable Stephen N. Limbaugh, Sr., United States District Judge for the Eastern District of Missouri, now retired.

ment under § 2K2.1(b)(4) where defendant possessed stolen firearms).

■ Waters also claims that the four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing firearms in connection with a burglary over-represents the seriousness of the offense. This court has upheld the enhancement where firearms were stolen during a burglary. *See id.* (affirming a sentence applying a four-level enhancement for the burglary of firearms). The district court did not abuse its discretion when sentencing Waters.

The judgment of the district court is affirmed.